

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ 07101-0419
**(973) 645-6340**

**WILLIAM J. MARTINI**
    **JUDGE**

## LETTER OPINION

October 6, 2005

Kevin J. McKenna
Gibbons, Del Deo, Dolan,
 Griffinger & Vecchione
One Riverfront Plaza
Newark, New Jersey  07102-5497
*Attorney for Plaintiff*

Allyn Z. Lite
Lite DePalma Greenberg & Rivas, LLC
Two Gateway Center
12th Floor
Newark, New Jersey  07102-5003
*Attorney for Defendant*

      Re:    Wyeth v. Teva Pharms. USA, Inc. et al.
             Civil Action No. 03-CV-1293 (WJM)

Dear Counsel:

      This matter comes before the Court on plaintiff's motion for partial reconsideration of the Court's *Markman* construction of the claim term "extended release formulation." For the reasons set forth below, plaintiff's motion is **DENIED**.

      Before proceeding to the merits of Wyeth's arguments, it is worth noting that Wyeth purports to bring this motion pursuant to L. Civ. R. 7.1(g). However, L. Civ. R. 7.1 was amended February 24, 2005, and what was formerly a motion for reargument under Rule 7.1(g) is now a motion for reconsideration under Rule 7.1(i). The amended rule does not otherwise alter the bases for a motion for reconsideration or the standard of review.

A motion for reconsideration is an extraordinary remedy to be granted "very sparingly." *Yurecko v. Port Authority Trans-Hudson Corp.*, 279 F. Supp. 2d 606, 608 (D.N.J. 2003). It is improper on a motion for reconsideration to "ask the Court to rethink what it had already thought through – rightly or wrongly." *Oritani Sav. & Loan Ass'n v. Fidelity & Deposit Co.*, 744 F. Supp. 1311, 1314 (D.N.J. 1990). Rather, a motion for reconsideration is reserved for those instances where the Court may have "overlooked" pertinent facts or controlling case law. *See* L. Civ. R. 7.1(i). When a matter was considered by the Court, it was not "overlooked." *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 353 (D.N.J. 2001). If the moving party fails to cite pertinent facts or case law that the Court overlooked, then the Court should deny the motion. *Egloff v. New Jersey Air Nat'l Guard*, 684 F. Supp. 1275, 1279 (D.N.J. 1988).

Wyeth raises three reasons why the Court should reconsider its claim construction of the term "extended release formulation:" (1) the Court has overlooked aspects of the *Phillips v. AWH Corp.*, 415 F.3d 1303 (Fed. Cir. 2005) (en banc) decision; (2) the Court overlooked portions of the specification that support a broader construction of "extended release formulation;" and (3) the Court was misinformed at the *Markman* hearing as to the relationship between the formulation and method claims of the '171 patent. However, these three reasons fail to raise any overlooked pertinent facts or controlling case law.

In its *Markman* Opinion, the Court considered *Phillips* and the claim construction principles it espouses.[1] *See Wyeth v. Teva Pharms. USA, Inc.*, No. 03-1293, 2005 WL 2175440, *2-3 (D.N.J. Sept. 6, 2005). The Court discussed the primacy of the intrinsic evidence and the role the claims, specification and prosecution history play in claim interpretation. *Id.* Wyeth does not deny this. Rather, Wyeth's argument that the Court overlooked aspects of the *Phillips* decision appears to be no more than a disagreement with how the Court applied *Phillips* to this particular case. Wyeth argues that by limiting the construction of "extended release formulation" to specific ingredients based on the specification, the Court did not give sufficient weight to the claims and prosecution history. As a result, the Court allegedly imported limitations from the specification into the claim term.

Wyeth is incorrect. As explained more fully in the Court's *Markman* Opinion, the patentees acted as their own lexicographers and defined "extended release formulation" as including certain ingredients. *See id.* at *5. Accordingly, the Court did not import limitations from the specification, but adopted the definition the patentees themselves provided to the public in the intrinsic evidence. Thus, Wyeth's arguments regarding the claims and prosecution history, which supported a broader construction, were found unpersuasive.

Wyeth's argument that the Court overlooked key portions of the specification is incorrect. The Court clearly considered the portions of the specification that Wyeth argued supported a broader construction. *See id.* at *6. However, given that the patentees defined the term

---

[1]Familiarity with the Court's *Markman* Opinion is presumed.

"extended release formulation" elsewhere in the specification, the Court found those portions of the specification inapt. *See id.* ("But there is no merit to Wyeth's arguments because they ignore those portions of the specification set forth above that explicitly characterize and limit the invention to a formulation containing specific ingredients.").

Lastly, Wyeth argues that reconsideration is appropriate "because the Court's questioning during the oral argument suggests that the Court may be misinformed as to why Wyeth's formulation claims recite specific ingredients, but many of its method claims do not." (Pl.'s Br. at 1). The Court finds this argument puzzling. The *Markman* Opinion did not rely on any differences between the two types of claims in construing the term "extended release formulation." Indeed, the Opinion makes clear that the Court agreed with Wyeth that the method claims, by themselves, supported a broader construction. *Wyeth*, 2005 WL 2175440 at *4 ("Thus, the Court agrees with Wyeth that the plain language of the claims implies that 'extended release formulation' does not include specific ingredients."). Thus, this argument is baseless.

In sum, Wyeth's motion is without merit. As mentioned above, when a matter was considered by the Court, it was not "overlooked." Here, Wyeth can identify no pertinent facts or law overlooked by the Court. Instead, Wyeth repeats the very same arguments it made in its original *Markman* briefs and at the *Markman* hearing. These arguments were considered and, ultimately, found to be unpersuasive as discussed above. Wyeth's "mere disagreement" with the Court's decision is not an appropriate basis to bring a motion for reconsideration. *See S.C. ex rel. C.C. v. Deptford Twp. Bd. of Educ.*, 248 F. Supp. 2d 368, 381 (D.N.J. 2003). Thus, it should come as no surprise that when confronted with the same arguments a second time, they remain unpersuasive.

For the reasons stated above, Wyeth's motion is denied. An appropriate Order accompanies this Letter Opinion.

                                                s/ William J. Martini
                                                **William J. Martini, U.S.D.J.**